UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANNY LEE CATHEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 16-292-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Danny Lee Cathey has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. [R. 1.] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I**

In February 2009, a federal grand jury indicted Cathey for possession with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and for being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). The government later gave notice pursuant to 21 U.S.C. § 851 that Cathey had previously been convicted of three prior felony drug offenses, any one of which would increase his minimum sentence for the drug trafficking charge to ten years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).

In November 2009, a jury found Cathey guilty of the narcotics charge but not guilty on the weapons offense. On March 19, 2010, the trial court concluded that Cathey qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a) because he had committed two or more prior felony drug offenses, but noted that his criminal history category would have been 37 even

without that enhancement. Although Cathey faced a term of 360 months to life imprisonment, the trial court imposed a 180-month term of incarceration to run consecutively to a pre-existing five-year state prison sentence for a distinct offense. *United States v. Cathey*, No. 5: 09-CR-02-TBR (W.D. Ky. 2009).

**II**

In his petition, Cathey argues that following the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior state drug trafficking offense[1] no longer constitutes a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b), and therefore asks to be resentenced without the career offender enhancement. [R. 1-1.] As noted above however, application of the career offender enhancement did not increase Cathey's criminal history category, and thus did not enhance the sentence he faced. In addition, the trial court imposed a sentence only half as long as that called for under the guidelines based on drug quantity alone, and thus it is far from clear that resentencing would assist Cathey.

Setting aside those practical difficulties, Cathey's habeas petition must be denied in light of numerous and insuperable legal shortcomings. First, Cathey may not use a Section 2241 petition to assert *Mathis* as a ground to challenge the enhancement of his sentence. A Section 2241 petition may only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his

---

[1] Cathey does not identify which prior conviction forms the basis for his challenge. A review of Kentucky's online court docket database reveals more than two dozen criminal cases filed against him for crimes ranging from reckless driving, assault, terroristic threatening, drug possession, contempt of court, carrying a concealed deadly weapon, flagrant nonsupport, and drug trafficking in Fulton, Graves, and McCracken counties. The Court assumes the conviction at issue is the one referenced in the government's § 851 notice.

conviction or sentence must use a motion under Section 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). The prisoner may not resort to Section 2241 to seek relief even when Section 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The decidedly narrow scope of relief under Section 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a Section 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Cathey's claim fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2010, long after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. In addition, the Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct.

at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Because a claim based upon a recently-issued Supreme Court decision interpreting a statute is only cognizable in a § 2241 petition if that holding is retroactively applicable to cases on collateral review, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), *Mathis* does not provide Cathey with a basis for relief under § 2241. Cathey's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim does not come within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at462.

Finally, Cathey's claim under *Mathis* would fail on the merits even if he could assert it in his § 2241 petition. Cathey does not contest that his 1987 federal conviction for possession with intent to distribute cocaine constitutes a "controlled substance offense" as that term is defined in U.S.S.G. § 4B1.2(b). Instead, he asserts that his 1993 conviction in the Graves Circuit Court for Trafficking in a Schedule II controlled substance (cocaine) was imposed under a statute that criminalizes a broader range of conduct than that set forth in the guideline rule.

In that case, Cathey was found guilty of violating Ky. Rev. Stat. 218A.1412(1), and was sentenced to ten years imprisonment on March 19, 1993.[2] The Kentucky statute makes it a crime to "traffic" in a controlled substance, meaning "to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance." Ky. Rev. Stat. 218A.010(55). Notably, regardless of how the defendant trafficked in the controlled substance, the penalty is the same, Ky. Rev. Stat. 218A.1412(3), meaning the statute defines a single offense.

The language of Kentucky's definitional statute is functionally indistinguishable from that found in the sentencing guidelines, which defines a "controlled substance offense" as "an

---

[2] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=042&court=1&division=CI&caseNumber=92-CR-00066&caseTypeCode=CR&client_id=0 (visited on October 5, 2017).

offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the *manufacture*, import, export, *distribution*, or *dispensing* of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added). The Kentucky statute uses the same terms, adding only the "sale" or "transfer" of narcotics as prohibited conduct. But those terms connote the same range of conduct as that involved in the "distribution" of a controlled substance. *See* 21 U.S.C. § 802(11) (defining "distribute" under federal criminal law to mean to "deliver" a controlled substance); see also *United States v. Maldonado*, 864 F. 3d 893 (8th Cir. 2017). And unlike the Texas statute involved in *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016), neither the "sale" nor "transfer" of narcotics under the Kentucky statute contemplate a mere "offer to sell" them. Even after *Mathis* was decided, this Court has thus held that a conviction under Ky. Rev. Stat. 218A.1412 constitutes a "controlled substance offense" under §4B1.2(b). *United States v. Knox*, No. 11-CR-60-DLB, 2016 WL 7320883, at *3 (E.D. Ky. Dec. 15, 2016). For each of these reasons, Cathey's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Cathey's petition for a writ of habeas corpus [R. 1] is **DENIED**;
2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and
3. The Court will enter an appropriate judgment.

This the 12th day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge